# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LEONEL LOPEZ AND | § | |
| ELIA C. LOPEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. B-03-209 |
| | § | |
| | § | |
| MEL MARITNEZ, Secretary of | § | |
| Housing and Urban Development, | § | |
| | § | |
| Defendant | § | |

## JOINT PRETRIAL ORDER[1]

### Appearance of Counsel

**For Leonel Lopez and Elia C. Lopez:**

DENNIS A. DOWNEY
Attorney at Law
1185 FM 802 Ste. 3
Brownsville, TX 78521
Telephone:    956-544-0561
Fax:          956-944-0562

**For the United States:**

STEVEN T. SCHAMMEL
Assistant United States Attorney
1701 West Business 83, Suite 600
McAllen, Texas 78501
Telephone:    956-992-9354
Fax:          956-618-8016

---

[1]United States' portion.

## Statement of the Case

Plaintiffs participated in a Housing and Urban Development (HUD) auction of section 8 property under the Multifamily Mortgage Foreclosure Act (MMFA), 12 U.S.C. §3701 et seq. The property at issue is located in San Benito, Texas, and is known as Lasby Park Terrace Apartments. Plaintiffs allege that after investing significant funds and time in preparation for the foreclosure of the auction, the sale was cancelled. Plaintiffs complain that a late bidder to the auction was allowed to bid and raise the final price of the bid. Plaintiffs further complain that they had an oral commitment to extend the deadlines for the completion of the sale which Plaintiffs argue was not honored. Thereafter HUD informed the Plaintiffs that it would be cancelling the sale.

HUD asserts that jurisdiction, if any, for this case is in the Court of Federal Claims. HUD asserts that the only duty the auctioneer has in the sale is to HUD and there is no limitation on when an individual arrives at a sale, so long as they have otherwise met the requisites to bid. HUD denies that an oral commitment was made to extend the deadline for completion of the sale. Further, the Bid Packet that Plaintiffs were provided by HUD specifically lists the terms and conditions required for a bidder to get an extension. HUD further denies that the individual(s) who allegedly granted the no cost oral extension had (have) any real or apparent authority to do so. HUD canceled the sale contract and without any requirement to do so refunded Plaintiff's $50,000 deposit.

## Statement of Jurisdiction

Plaintiffs argue that Jurisdiction is proper under 28 U.S.C. § 1331, 28 U.S.C. § 2410, 12 U.S.C. § 1702 and 5 U.S.C. § 702.

Defendant denies that this Court has jurisdiction over this case. *See Defendant's Motion to Dismiss and/or Alternatively Motion for Summary Judgment and Answer to Plaintiffs' Complaint,*

Docket entry number 6. Pursuant to the Tucker Act 28 U.S.C. § 1491(a)(1) all claims for monetary damages in excess of $10,000 are within the exclusive jurisdiction of the Court of Federal Claims. Therefore, the proper jurisdiction for Plaintiffs' case, if at all, is the Court of Federal Claims.

## Motions

Defendant's Motion to Dismiss and/or Alternatively Motion for Summary Judgment

### Contentions of the Plaintiff

1.

### Contentions of the Defendant

1. This Court lacks subject matter jurisdiction.

2. The Complaint fails to state a claim upon which relief against the Federal Defendant may be granted.

3. The complaint is barred by sovereign immunity.

4. The tort claims are barred by the Plaintiffs's failure to exhaust remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.

5. The allegations of fraud and misrepresentation are barred under the FTCA, 28 U.S.C. 2608(h).

6. To the extent the Complaint alleges breach of Contract, the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1), vest exclusive jurisdiction over the complaint in the United States Court of Federal Claims.

7. Neither Mel Martinez nor HUD are a proper party to this action under FTCA, 28 U.S.C. §

2679(a), or the Tucker Act and they should be dismissed.

8.     Without conceding that this Court has jurisdiction, under the APA, 5 U.S.C. § 702, et seq.,

HUD's actions were not arbitrary, capricious or an abuse of discretion, nor was HUD's

reasoning so irrational as to be a clear error of judgment.

9.     Under the APA, 5 U.S.C. § 702, et seq., Plaintiffs' claims for money damages are barred.

10.    HUD is not bound by the alleged oral representations of any HUD employees as a matter of

law.

11.     To the extent that the court may find jurisdiction:

a.     There was no oral contract for the sale or extension.

b.     The person(s) with who Plaintiffs alleged to have had the oral contract for extension

did not have real or apparent authority to enter into said oral contract.

c.     Texas statue of fraud prohibits oral contracts in real property cases.

12.    The United States cannot be ordered specifically perform any contract.  *Coggeshall*

*Development Corp. V. Diamond*, 884 F.2d 1,3 (1st Cir. 1989); *White v. Administrator of*

*General Services Administration of the United States*, 343 F.2d 444, 446 (9th Cir. 1965).[2]

---

[2]*Coggeshall Development Corp. V. Diamond*, 884 F.2d 1,3 (1st Cir. 1989): "Federal Courts
do not have the power to order specific performance by the United States of its
alleged contractual obligations...We are unaware of any  waiver of sovereign
immunity by the United States as to specific performance for breach of contract."
White v. Administrator of General Services Administration of the United States, 343 F.2d
444, 446 (9th Cir. 1965):  From the beginning of its history, the United States
asserted and maintained complete immunity from suit until Congress, by the Act of
February 24, 1855, 10 Stat. 612, created the United States Court of Claims and gave
consent for the United States to be sued for compensation for certain breaches of
duty, one of which was breach of contract.  The Act of March 3, 1887, 24 Stat. 505,
28 U.S.C. § 1346, conferred a partly parallel jurisdiction upon the United States
District Courts. Those statutes have never been regarded as having given consent that
the United States could be ordered by a court to specifically perform a contract.

## Admissions of Fact

1.      Plaintiffs successfully completed the application package and deposited the required $50,000.

2.      A second bidder entered the bidding process after eleven (11) bids had been placed.

3.      Plaintiffs was the high bidder for the Lasby Park Terrace Apartments in the amount of $451,000.

4.      Plaintiffs failed to tender funds by the closing date.

5.      HUD had attempted to tender the Lasby Park Terrace Apartments to the city of San Benito, Texas for $100 per 12 U.S.C. § 1715-11a.

6.      The bid package was the controlling instrument for the foreclosure auction.

7.      The sale of the property was "as is" as per the bid package.

## Contested Issues of Fact

1.      Whether or not there was an objection to the new bidder.

2.      Whether there were binding oral representations made regarding the fee for extension of time.

## Agreed Applicable Propositions of Law

## Contested Issues of Law

1.      Whether this Court or the Court of Federal Claims has jurisdiction over these matters.

2.      Whether the Court lacks subject matter jurisdiction of the action against the Federal Defendant.

3.      Whether the Complaint fails to state a claim upon which relief may be granted.

4.      Whether the complaint is barred by sovereign immunity.

5.  Whether the complaint is barred by the Plaintiffs's failure to exhaust remedies under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

6.  Whether, to the extent the Complaint alleges breach of Contract, the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1), vest exclusive jurisdiction over the complaint in the United States Court of Federal Claims.

7.  Whether the allegations of fraud and misrepresentation are barred under the FTCA, 28 U.S.C. 2608(h).

8.  Whether either Mel Martinez or HUD is a proper party to this action under FTCA, 28 U.S.C. § 2679(a), or the Tucker Act and they should be dismissed.

9.  Whether under the APA, 5 U.S.C. § 702, et seq., HUD's actions were arbitrary, capricious or an abuse of discretion, or was HUD's reasoning so irrational as to be a clear error of judgment.

10.  Whether under the APA, 5 U.S.C. § 702, et seq., Plaintiffs' claims for money damages are barred.

11.  Whether HUD is bound by the alleged oral representations of any HUD employees as a matter of law.

12.  Whether the addition of the late bidder was proper.

13.  Whether Plaintiffs failed to state a claim for which relief can be granted by contending that their 5th Amendment Rights have been violated.

14.  Whether a oral contract was created.

**Witnesses**

**For the Plaintiffs:**

**For the United States:**

1.    Elia C. Lopez
      May be reached through her attorney:
      Dennis A. Downey
      Attorney at Law
      1185 FM 802 Ste. 3
      Brownsville, TX 78521
      Phone: 956-544-0561

      This witness was present at the foreclosure sale. Defendant expects that she will testify
      about her knowledge of the events surrounding the sale.

2.    Leonel Lopez
      May be reached through her attorney:
      Dennis A. Downey
      Attorney at Law
      1185 FM 802 Ste. 3
      Brownsville, TX 78521
      Phone: 956-544-0561

      This witness was present at the foreclosure sale. Defendant expects that she will testify
      about his knowledge of the events surrounding the sale.

3.    Mr. Jack Stark
      Department of Housing and Urban Development
      801 Cherry St.
      Ft. Worth, TX 76106

      He is alleged to have made assertion of oral agreement, and how the program work and the
      mechanics of a HUD foreclosure.

4.    Mr. Alvin Braggs
      Department of Housing and Urban Development
      801 Cherry St.
      Ft. Worth, TX 76106

      As the program manager, Mr. Briggs gives final approval on foreclosures and directed the
      creation of the bid packet.

5.   Margaret Laakso
     Realty Specialist in Multifamily Housing Property Disposition Office
     Department of Housing and Urban Development
     801 Cherry St.
     Ft. Worth, TX 76106

     Witness was responsible for the creation and dissemination of the bid packet.

6.   Robert Sheline
     Attorney
     Foreclosure Commissioner
     522 East Van Buren
     Harlingen, TX 78551
     Phone: 956-423-3635
     Fax:   956-423-1529

     This witness conducted the foreclosure sale.  Defendant expects that she will testify about
     his knowledge of the events surrounding the sale.

7.   Mr. Bill Daley
     Department of Housing and Urban Development
     801 Cherry St.
     Ft. Worth, TX 76106

     This witness is expected to testify to the authenticity of Defendant's exhibits.


## Settlement

Settlement efforts have been exhausted.  This case was mediated unsuccessfully on April 1, 2004.
This case should be dismissed on motion.

## Trial

1. Non-jury.[3]

2. Two day.

3. Witness availability: The witness from the Department of Housing and Urban Development are
located in Ft. Worth and will need 5 days to arrange airline flights and make hotel accommodations
and have their positions covered while they are gone.

---

[3]  28 USC 2402, *Lehman v. Nakshin*, 453 U.S. 156, 161, 101 S.Ct. 2698.

8 of 9

_____
Date

_____
Hon. Andrew Hanen
United States District Judge

APPROVAL REQUESTED:

_____
DENNIS A. DOWNEY
Attorney at Law
1185 FM 802 Ste. 3
Brownsville, TX 78521
Telephone:   956-544-0561
Fax:            956-944-0562
State Bar No.  06085500
Federal Id No. 1186

STEVEN T. SCHAMMEL
Assistant U. S. Attorney
1701 W. Highway 83, Suite #600
McAllen, Texas  78501
Phone: 956-618-8010
Fax:    956-618-8016
State Bar No.  24007990
Federal Id No. 23180

UNITED STATES DISTRICT COURT          ☆          SOUTHERN DISTRICT OF TEXAS

| LEONEL LOPEZ AND ELIA C. LOPEZ<br><br>*versus*<br><br>MEL MARTINEZ, Secretary of Housing and Urban Development | CASE NO.  B-03-209 |
|---|---|
| Judge Andrew S. Hanen | **EXHIBIT LIST** |
| **List of Defendants** | Case Manager:<br>Court Reporter: |
| | Proceeding                    Date |

| №. | Description | A D M | D A T |
|---|---|---|---|
| 1 | Bid Package - Lasby Park Terrace Apartments Foreclosure Sale | | |
| 2 | Attachment B Terms and Requirements of Foreclosure Sale - Acknowledgment by Bidder | | |
| 3 | Letter dated October 2, 2003 from Ruth E. Pompa (HUD) to Elia Cornejo Lopez | | |
| 4 | Bid List | | |
| 5 | Letter dated November 4, 2003 from Alvin E. Braggs (HUD) to Elia Cornejo Lopez | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| LEONEL LOPEZ AND ELIA C. LOPEZ | CASE NO.  B-03-209 |
|---|---|
| *versus* | |
| MEL MARTINEZ, Secretary of Housing and Urban Development | |
| Judge Andrew S. Hanen | **WITNESS LIST** |
| **List of Defendants** | Case Manager:<br>Court Reporter: |
| . | Proceeding                    Date |

1.    Elia C. Lopez
      May be reached through her attorney:
      Dennis A. Downey
      Attorney at Law
      1185 FM 802 Ste. 3
      Brownsville, TX 78521
      Phone: 956-544-0561

      This witness was present at the foreclosure sale. Defendant expects that she will testify about her knowledge of the events surrounding the sale.

2.    Leonel Lopez
      May be reached through her attorney:
      Dennis A. Downey
      Attorney at Law
      1185 FM 802 Ste. 3
      Brownsville, TX 78521
      Phone: 956-544-0561

      This witness was present at the foreclosure sale. Defendant expects that she will testify about his knowledge of the events surrounding the sale.

3.    Mr. Jack Stark
      Department of Housing and Urban Development
      801 Cherry St.
      Ft. Worth, TX 76106

He is alleged to have made assertion of oral agreement, and how the program work and the mechanics of a HUD foreclosure.

4.    Mr. Alvin Braggs
      Department of Housing and Urban Development
      801 Cherry St.
      Ft. Worth, TX 76106

      As the program manager, Mr. Briggs gives final approval on foreclosures and directed the creation of the bid packet.

5.    Margaret Laakso
      Realty Specialist in Multifamily Housing Property Disposition Office
      Department of Housing and Urban Development
      801 Cherry St.
      Ft. Worth, TX 76106

      Witness was responsible for the creation and dissemination of the bid packet.

6.    Robert Sheline
      Attorney
      Foreclosure Commissioner
      522 East Van Buren
      Harlingen, TX 78551
      Phone: 956-423-3635
      Fax:    956-423-1529

      This witness conducted the foreclosure sale.  Defendant expects that she will testify about his knowledge of the events surrounding the sale.

7.    Mr. Bill Daley
      Department of Housing and Urban Development
      801 Cherry St.
      Ft. Worth, TX 76106

      This witness is expected to testify to the authenticity of Defendant's exhibits.

8.    Defendant also intends to call any witness named by Plaintiffs.