SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 6 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| LEONEL LOPEZ AND<br>    ELIA C. LOPEZ,<br><br>    Plaintiffs,<br><br>vs.<br><br><br>MEL MARITNEZ, Secretary of<br>    Housing and Urban Development,<br><br>    Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. B-03-209 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## (GOVERNMENT'S VERSION)

## THE UNITED STATES OF AMERICA'S TRIAL BRIEF
## (MEMORANDUM OF LAW)

To assist the Court at trial, the United States files this brief on applicable law for this case.

**1. The Multifamily Mortgage Foreclosure Act**

The foreclosure and auction of Lasby Park Terrace Apartments by HUD was conducted pursuant to the Multifamily Mortgage Foreclosure Act ("MMFA"), 12 U.S.C. §3701 et seq. The MMFA was enacted by Congress to create a uniform foreclosure remedy for multifamily mortgages. 12 U.S.C. §3701(b). The auction process itself is codified at 12 U.S.C. §3710 as part of the MMFA.

Under the MMFA, a foreclosure sale of a property such as the Lasby Park Terrace Apartments must be a public auction that takes place between 9 a.m. and 4 p.m. on a date no sooner

than 30 days after the due date of the earliest installment wholly unpaid by the owner of the property. The auction must take place at a location where real estate auctions are customarily held in the county where the property is located, or at a courthouse therein, or at or on the property to be sold. 12 U.S.C. §3710(a).

The foreclosure commissioner, who conducts the sale and auction, must do so in accordance with the provisions of the MMFA, and in a manner that is fair to both the mortgagor and the Secretary. 12 U.S.C. §3710(b). The foreclosure commissioner and his family or related business entity may not participate in the sale. The Foreclosure Commissioner may hire an auctioneer, and must accept one-price bids. 12 U.S.C. §3710(b). The foreclosure commissioner may cancel the sale at his discretion if he concludes that circumstances are not conducive to a fair sale, and he may adjourn the sale for specified times. 12 U.S.C. §3710(c). The foreclosure sale is also governed by the regulations, set forth at 24 C.F.R. §27.20, which were promulgated by the Secretary pursuant to the MMFA. Specifically 24 C.F.R. §27.20 (e) allows the Secretary to include any terms or conditions concerning the sale to be included in a "Use Agreement".

## II. Absence of Jurisdiction and Sovereign Immunity

In an action seeking monetary damages against HUD, an agency of the United States, arising out of the Multifamily Mortgage Foreclosure Act and, specifically, the foreclosure sale as described in the MMFA. Consequently, it is a suit against the sovereign and, absent a waiver of sovereign immunity, is not maintainable because of the absence of subject matter jurisdiction. *Land v. Dollar*, 330 U.S. 731 (1947).

It is a well settled principle of the sovereign immunity defense that the United States, as

sovereign, is immune from suit, except to the extent that Congress otherwise consents. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953 47 L.Ed.2d 114 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed.2d 1058 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed". *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969). Also, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). As a result, the claims by Plaintiffs are barred unless they fall within some applicable congressional waiver of the sovereign immunity defense.

**III. Tucker Act**

A cause of action against the United States arising out of a contract is within the exclusive jurisdiction of the Court of Federal Claims to the extent those damages exceed $10,000. Wood v. United States, 961 F. 2d 195, 198 (Fed. Cir. 1992) (upholding a transfer of the petitioner's claims from the district court to the United States Claims Court, now the Court of Federal Claims). This is also codified at 28 U.S.C. §1491 (a)(1) as part of the Tucker Act.

**IV. Administrative Procedures Act Review**

Complaints alleging violations of 5 U.S.C. Sec. 702, that HUD's decision to cancel the sale of the subject property to them was arbitrary, capricious, in bad faith, and unlawful are review able, if at all, only under the Administrative Procedures Act (hereinafter APA) for a determination of whether the actions of HUD were arbitrary or capricious. The APA does **not**, however, waive sovereign immunity for (a) claims for money damages; (b) claims for which an adequate remedy is

3

available elsewhere; or (c) claims seeking relief expressly or impliedly forbidden by another statute. 28 U.S.C. § 702, 704. *Lulac East Park Place v. HUD*, 32 F.Supp.2d 418 (W.D. Tex. 1998). In contract actions against the government, courts have held that the APA does not waive sovereign immunity. *Transohio Savings Bank v. Director, OTS*, 967 F.2d 598, 608 (D.C. Cir. 1992); *Sharp v. Weinberger*, 798 F.2d 1521, 1523 (D.C. Cir. 1986); see also, North Star Alaska v. United States, 14 F.3d 36, 38 (9th Cir. 1994); *Amoco Production Co. v. Hodel*, 815 F.2d 353, 363 (5th Cir.) *cert. denied*, 487 U.S. 1234, 108 S.Ct. 2898, 101 L.Ed.2d 932 (1988).

**V. Tort Claims**

Congress has waived sovereign immunity for certain torts through the Federal Tort Claims Act (hereinafter FTCA). These waivers are codified at 28 U.S.C. §1346 (b) and §2671 et seq. The FTCA is the exclusive remedy for tort claims against the United States and its agencies. *Kirkland v. United States*, 789 F.Supp 3 (D.D.C. 1992); *Nadler v. Mann*, 731 F. Supp. 493 (S.D. Fla. 1990), *aff'd in part, rev. on other grounds*, 951 F. 2d 301; *Armor Elevator Co., Inc. v. Phoenix Urban Corp.*, 493 F. Supp. 876 (D.C. Mass. 1980), *aff'd*, 655 F. 2d 19; *FDIC v. Manatt*, 723 F. Supp. 99 (E.D. Ark. 1989). Plaintiffs must allege the FTCA as grounds for jurisdiction and in doing so they must meet the jurisdictional prerequisite to suit under the FTCA by demonstrate that they have exhausted their administrative requirements. *Rise v. United States*, 630 F. 2d 1068, 1071 (5th Cir. 1980). Such failure subjects complaints to summary dismissal. *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980); *Campbell v. Untied States*, 496 F. Supp. 36 (D.C. Tenn. 1980). Finally, allegations of misrepresentation and fraud are specifically barred by section 2680(h) of the FTCA.

**VI. HUD's Sue and Be Sued Clause 12 U.S.C. § 1701, et seq.**

The "sue and be sued" clause (12 U.S.C. § 1702) of the National Housing Act of 1937, as amended, 12 U.S.C. § 1701, et seq., ("NHA" or "the Act") is *not* an independent grant of jurisdiction, but serves only as a limited waiver of sovereign immunity. *See: Mundo Developers Ltd. V. Wicklow Assocs.*, 585 F.Supp. 1324 (S.D.N.Y. 1984); *See also: Ames-Ennis, Inc. v. Midlothian Ltd. Partnership*, 469 F.Supp. 939 (D.C.Md. 1979); *Harms v. FHA*, 256 F.Supp. 757 (D.C. Md. 1979). Moreover, § 1702 operates as a waiver of the sovereign immunity of HUD only for claims brought against HUD for violating substantive provisions of the National Housing Act. *See*, e.g., *Selden Apartments v. U.S. Dept. of Housing and Urban Development*, 785 F.2d 152, 156 (6th Cir. 1986). Additionally, allegations that HUD officials entered into an oral modification of the Bid Package Agreement, does *not* constitute "carrying out the provisions" of the NHA within the meaning of the waiver of sovereign immunity under the Act. *See: Village Square Ltd. Partnership v. Dept. of HUD*, 235 F.3d 1109 (8th Cir. 2000)

Finally, Section 1702 does not waive the immunity of the United States. *Industrial Indemnity v. Landrieu*, 615 F.2d 644, 646 (5th Cir. 1980). If the judgment sought would expend itself on the public treasury or domain, then the suit is against the United States and immunity is not waived. *Dugan v. Rank*, 372 U.S. 609, 621 (1963); *Van-Tex, Inc. v. Pierce*, 703 F.2d 891, 896 (5th Cir. 1983); *See also, Selden Apartments*, 785 F.2d at 157 (6th Cir. 1986); *Johnson v. Secretary, Dept. of Housing and Urban Dev.*, 710 F.2d 1130, 1138 (5th Cir. 1983); *Lomas & Nettleson v. Pierce*, 636 F.2d 971 (5th Cir. 1981); *Trans-Bay Engineers and Builders, Inc. v. U.S. Dept. of Housing and Urban Dev.*, 551 F.2d 370 (D.C. Cir. 1976).

**VII. 28 U.S.C. § 1331**

Section 1331 is merely a general grant of power to the district court to hear controversies

arising under federal law and plaintiffs may not base federal subject-matter jurisdiction on that statute, standing alone. *Collins v. Trustees of Local 478 Trucking & Allied*, 487 F.Supp. 520 (U.S. D.Ct. NJ 1980). Before an action can be viewed as having arisen under a federal enactment, it must be clear from the face of the complaint that, as to the claim stated, the Plaintiff's right to a remedy is one either founded upon or the product of federal law. *Home S & L Ass'n v. Samuel T. Isaac & Assoc., Inc.*, 496 F.Supp. 831 (N.D. Ill. 1980). To establish such a right to relief under the National Housing Act, a plaintiff must allege either that the defendant violated a relevant provision of the Act, or that said provision was in some way unconstitutional. *Id.*; *Ames-Ennis, Inc. v. Midlothian, Ltd.*, 496 F.Supp. 939 (D.Md. 1979).

**VIII, 28 U.S.C. Sec. 2410**

28 U.S.C. § 2410 as a basis for jurisdiction is inapplicable to the facts and circumstances of the subject Complaint. 28 U.S.C. § 2410 states, in pertinent part:

> (a) Under the circumstances prescribed in this section and section 1444 (Foreclosure Action Against the United States) of this title *for the protection of the United States*, the United States may be named as a party in any civil action or suit in any district court, or any State court *having jurisdiction of the subject matter* –
> (1) to quiet title to,
> (2) to foreclose a mortgage or other lien upon,
> (3) to partition,
> (4) to condemn, or
> (5) of interpleader or in the nature of interpleader with respect to,
> real or personal property on which the United States has or claims a mortgage or other lien. (emphasis added).

The law is well-settled that 28 U.S.C. § 2410, like 12 U.S.C. § 1702 and 28 U.S.C. § 1331, merely waives sovereign immunity but does not authorize a suit unless there are jurisdictional grounds independent of § 2410. *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002); *Harrell v. United States*, 13 F.3d 232, 234 (7th Cir, 1993) Moreover, Section 2410 is limited in purpose and

application to those situations involving quieting of title or foreclosing of mortgages or liens and clearing real estate titles of questionable or valueless government liens. *See*, e.g., *Juniper Development Group v. United States*, 774 F.Supp. 56 (D.Mass 1990); *American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc.*, 407 F.Supp. 164 (D.C. Virgin Islands 1975); *General Electric Credit Corp v. Grubbs*, 447 F2d 286, 287 (5th Cir. 1971), rev'd on other grnds, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1971); *Schmitz v. Societe Internationale*, 249 F.Supp. 757 (D.C.D.C. 1966), cert. den., 87 S.Ct. 1684, 387 U.S. 908, 18 L.Ed2d 626; See Also, *United States v. Brosnan*, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960); *Thompkins v. United States*, 172 F.Supp. 204 (D.C. Tex. 1959).

**IX. Failure to State a Claim for Which Relief Can be Granted**

    a. **Procedural Due Process**

The Due Process clause of the Fifth Amendment confers both substantive and procedural rights. *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 812, 127 L.Ed.2d 114 (1994). In order to state a due process claim, Petitioner must show liberty or property interests that are substantial enough to invoke the protection of federal law. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989); *A. Auidi & Sons v. Town of Plainville*, 862 F.Supp. 737 (D.Conn. 1994). The claims before this court arise from a contract-related dispute and not for a deprivation of rights secured by the United States Constitution. Although a contract may serve as an independent source of the required liberty or property interest, the circumstances in which a contract will give rise to a constitutionally protected interest are drastically limited. *A. Auidi & Sons*, 862 F.Supp. supra. at 741.

b. **Alleged Representations Of Any Unnamed Employee(s)**

It is well settled, as a general rule, that the government is not bound by the statements or assurances of its officers, agents or representative, where the actual authority to make such statements or assurances is lacking. ATC Petroleum, Inc. v. Sanders, 860 F.2d 1104 (D.C. Cir. 1988)(quoting Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). Moreover, parties dealing with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to the law. ATC Petroleum, Inc., supra., 860 F.2d at 1111; Heckler v. Comm. Health Service, 467 U.S. 51, 63, 104 S.Ct. 2218, 2225, 81 L.Ed.2d 42 (1984).

c. **Tucker Act and Contracts**

Under the Tucker Act, however, jurisdiction extends only to actual contracts, express or implied, and not to contracts implied at law. Girling Health Systems, Inc. v. United States, 949 F.2d 1145 (fed. Cir. 1991); Pasco Enterprises, Inc. v. United States, 13 Cl. Ct. 302 (1987); Chavez v. United States, 18 Cl. Ct. 540 (1989).

Generally, an implied-in-law, or constructive or quasi, contract is a contract where, by fiction of law, a promise is imputed to perform a legal duty. An implied-in-fact contract, on the other hand, is founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred as a fact from the conduct of the parties showing their tacit understanding. Algonac Mfrg. Co. v. United States, 428 F.2d 1241, 1255 (1970). An implied-in-fact contract cannot exist where an express contract already defines the parties' rights and obligations on the identical subject matter. Durant v. United States, 16 Cl.Ct. 447 (1988); Blue Cross-Blue Shield v. United States, 13 Cl.Ct. 710, 716 (1987), aff'd 852 F.2d

1294, cert. den., 109 S.Ct. 557, 488 U.S. 993, 102 L.Ed.2d 583, reh. den., 109 S.Ct. 887, 488 U.S. 1051, 102 L.Ed.2d 1009.

### X. Conclusion:

This Court lacks jurisdiction for the foregoing reasons. Additionally, there was no breech of contract as there was no contract formed during the discussion about additional time to complete the sale.

> Respectfully submitted,
> MICHAEL T. SHELBY
> United States Attorney
>
> STEVEN T. SCHAMMEL
> Assistant United States Attorney
> 1701 W. Business 83, Suite 600
> McAllen, Texas 78501
> Phone: 956-992-9354
> Fax:   956-618-8016
> TX Bar No.:  24007990
> Fed. Id. No.:  23180

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief was sent by United States first class mail, postage prepaid, on ~~August~~ April 16, 2004, to:

Mr. Dennis A. Downey
Attorney at Law
1185 FM 802
Ste. 3
Brownsville, TX 78521

STEVEN T. SCHAMMEL
Assistant United States Attorney