

United States District Court
Southern District of Texas
FILED

APR 1 6 2004

Michael N. Milby
Clerk of Court

SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LEONEL LOPEZ AND §
    ELIA C. LOPEZ, §
         §
    Plaintiffs, §
         §
vs. §
         §    CIVIL ACTION NO. B-03-209
         §
         §
MEL MARITNEZ, Secretary of §
    Housing and Urban Development, §
         §
    Defendant §

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## (GOVERNMENT'S VERSION)

### Findings of Fact

1.    Plaintiffs successfully completed the application package and deposited the required

$50,000 (*Original Complaint*, p. 1).

2.    A second bidder entered the bidding process after eleven (11) bids had been placed.

(Exhibit 4).[1]

3.    Plaintiffs were the high bidder for the Lasby Park Terrace Apartments in the amount of

$451,000 (*Original Complaint*, p. 2).

4.    Plaintiffs failed to tender funds by the closing date (*Original Complaint*, Exhibit B).

5.    HUD had attempted to tender the Lasby Park Terrace Apartments to the city of San

Benito, Texas for $100 per 12 U.S.C. § 1715-11a (*Original Complaint*, p. 2).

---

[1]All exhibits, other than filed documents, are included in the United States' exhibit books

6.    The bid package was the controlling instrument for the foreclosure auction (Exhibit 2, p. 4).

7.    The sale of the property was "as is" as per the bid package (Exhibit 2, p. 2).

8.    Plaintiffs filed suit alleging violations of common law fraud, Section 27.01 of the Texas Business Commerce Code, breech of contract, breach of covenant of good faith and fair dealing, negligence, and/or violation of Plaintiffs's Fifth Amendment Rights (*Original Complaint*).

9.    There was not an objection to the new bidder (Testimony of Mr. Robert Sheline).

10.    There were no binding oral representations made regarding the fee for extension of time.

### Conclusions of Law

1.    The Court of Federal Claims has jurisdiction over these matters.

Plaintiffs' complaint alleges a breach of contract action with damages of $5.6 million. It is well established that a cause of action against the United States arising out of a contract is within the exclusive jurisdiction of the Court of Federal Claims to the extent those damages exceed $10,000. Wood v. United States, 961 F. 2d 195, 198 (Fed. Cir. 1992) (upholding a transfer of the petitioner's claims from the district court to the United States Claims Court, now the Court of Federal Claims). This is also codified at 28 U.S.C. §1491 (a)(1) as part of the Tucker Act.

2.    The Court lacks subject matter jurisdiction of the action against the Federal Defendant.

*See Defendant's Motion to Dismiss and/or Alternatively Motion for Summary Judgment and Answer to Plaintiffs' Complaint*, Docket entry number 6. Pursuant to

the Tucker Act 28 U.S.C. § 1491(a)(1) all claims for damages in excess of $10,000

are within the exclusive jurisdiction of the Court of Federal Claims. Therefore, the

proper jurisdiction for Plaintiffs' case, if at all, is the Court of Federal Claims.

3.    The Complaint fails to state a claim upon which relief may be granted.

Plaintiffs contends that HUD violated her 5th Amendment due process rights.

Nowhere in their complaint do Plaintiffs plead any specific facts alleging what

process they believe they were entitled to and what acts or omissions of HUD denied

her that process.    Petitioner must show liberty or property interests that are

substantial enough to invoke the protection of federal law.    *Kentucky Dept. of*

*Corrections v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506

(1989); *A. Auidi & Sons v. Town of Plainville*, 862 F.Supp. 737 (D.Conn. 1994). The

claims before this court arise from a contract-related dispute, not for a deprivation of

constitutional rights. Plaintiffs do not allege that HUD's actions were based on race,

religion, sex or national origin nor because Plaintiffs exercised any freedom or liberty

under the Constitution. Plaintiffs have not properly alleged any due process violation

and the complaint should be dismissed. *See, Stewert V. Hunt* , 598 F.Supp. 1342

(D.C.N.C. 1984).

It is well settled, as a general rule, that the government is not bound by the

statements or assurances of its officers, agents or representative, where the actual

authority to make such statements or assurances is lacking. *ATC Petroleum, Inc. v.*

*Sanders*, 860 F.2d 1104 (D.C. Cir. 1988)(quoting *Fed. Crop Ins. Corp. v. Merrill*,

332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). Moreover, parties dealing with

the Government are expected to know the law and may not rely on the conduct of

Government agents contrary to the law. *ATC Petroleum, Inc., supra.*, 860 F.2d at

1111; *Heckler v. Comm. Health Service*, 467 U.S. 51, 63, 104 S.Ct. 2218, 2225, 81

L.Ed.2d 42 (1984).

Plaintiffs, in substance, seek to allege a breach of an implied contract with

HUD. Under the Tucker Act, however, jurisdiction extends only to actual contracts,

express or implied, and not to contracts implied at law. *Girling Health Systems, Inc.*

*v. United States*, 949 F.2d 1145 (fed. Cir. 1991); *Pasco Enterprises, Inc. v. United*

*States*, 13 Cl. Ct. 302 (1987); *Chavez v. United States*, 18 Cl. Ct. 540 (1989).

4.    The complaint is barred by sovereign immunity.

*See Defendant's Motion to Dismiss and/or Alternatively Motion for Summary*

*Judgment and Answer to Plaintiffs' Complaint*, Docket entry number 6.  Pursuant to

the Tucker Act 28 U.S.C. § 1491(a)(1) all claims for damages in excess of $10,000

are within the exclusive jurisdiction of the Court of Federal Claims.  Therefore, the

proper jurisdiction for Plaintiffs' case, if at all, is the Court of Federal Claims.

5.    The complaint is barred by the Plaintiffs's failure to exhaust remedies under the Federal Tort

Claims Act, 28 U.S.C. § 2671, et seq.

6.    To the extent the Complaint alleges breach of Contract, the Tucker Act, 28 U.S.C. §§

1346(a)(2) and 1491(a)(1), vest exclusive jurisdiction over the complaint in the United States

Court of Federal Claims. *Wood v. United States*, 961 F. 2d 195, 198 (Fed. Cir. 1992)

7.    The allegations of fraud and misrepresentation are barred under the FTCA, 28 U.S.C.

2608(h).

8.    Neither Mel Martinez nor HUD are a proper party to this action under FTCA, 28 U.S.C. §

2679(a), or the Tucker Act and they should be dismissed.

9.   Under the APA, 5 U.S.C. § 702, et seq., HUD's actions not were arbitrary, capricious or an

abuse of discretion, or was HUD's reasoning so irrational as to be a clear error of judgment.

10.   Under the APA, 5 U.S.C. § 702, et seq., Plaintiffs' claims for money damages are barred.

11.   HUD is not bound by the alleged oral representations of any HUD employees as a matter of

law.

It is well settled, as a general rule, that the government is not bound by the statements

or assurances of its officers, agents or representative, where the actual authority to

make such statements or assurances is lacking. *ATC Petroleum, Inc. v. Sanders*, 860

F.2d 1104 (D.C. Cir. 1988)(quoting *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380,

384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). Moreover, parties dealing with the

Government are expected to know the law and may not rely on the conduct of

Government agents contrary to the law. *ATC Petroleum, Inc., supra.*, 860 F.2d at

1111; *Heckler v. Comm. Health Service*, 467 U.S. 51, 63, 104 S.Ct. 2218, 2225, 81

L.Ed.2d 42 (1984).

12.   The addition of the late bidder was not prohibited.

Under the MMFA, a foreclosure sale of a property such as the Lasby Park

Terrace Apartments must be a public auction that takes place between 9 a.m. and 4

p.m. on a date no sooner than 30 days after the due date of the earliest installment

wholly unpaid by the owner of the property. The auction must take place at a

location where real estate auctions are customarily held in the county where the

property is located, or at a courthouse therein, or at or on the property to be sold. 12

U.S.C. §3710(a).

The foreclosure commissioner, who conducts the sale and auction, must do

so in accordance with the provisions of the MMFA, and in a manner that is fair to both the mortgagor and the Secretary. 12 U.S.C. §3710(b). The foreclosure commissioner and his family or related business entity may not participate in the sale. The Foreclosure Commissioner may hire an auctioneer, and must accept one-price bids. 12 U.S.C. §3710(b). The foreclosure commissioner may cancel the sale at his discretion if he concludes that circumstances are not conducive to a fair sale, and he may adjourn the sale for specified times. 12 U.S.C. §3710(c). The foreclosure sale is also governed by the regulations, set forth at 24 C.F.R. §27.20, which were promulgated by the Secretary pursuant to the MMFA. Specifically 24 C.F.R. §27.20 (e) allows the Secretary to include any terms or conditions concerning the sale to be included in a "Use Agreement".

13.    An oral contract was not created.

Plaintiffs seek to allege a breach of an implied contract with HUD. Under the Tucker Act, however, jurisdiction extends only to actual contracts, express or implied, and not to contracts implied at law. *Girling Health Systems, Inc. v. United States*, 949 F.2d 1145 (fed. Cir. 1991); *Pasco Enterprises, Inc. v. United States*, 13 Cl. Ct. 302 (1987); *Chavez v. United States*, 18 Cl. Ct. 540 (1989).

Generally, an implied-in-law, or constructive or quasi, contract is a contract where, by fiction of law, a promise is imputed to perform a legal duty. An implied-in-fact contract, on the other hand, is founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred as a fact from the conduct of the parties showing their tacit understanding. *Algonac Mfrg. Co. v. United States*, 428 F.2d 1241, 1255 (1970).

The United States notes that Plaintiffs seek to establish an implied contract in addition to the written terms of existing express contracts (i.e., the Bid Package Acknowledgment and Attachments thereto). However, an implied-in-fact contract cannot exist where an express contract already defines the parties' rights and obligations on the identical subject matter. *Durant v. United States*, 16 Cl.Ct. 447 (1988); *Blue Cross-Blue Shield v. United States*, 13 Cl.Ct. 710, 716 (1987), aff'd 852 F.2d 1294, cert. den., 109 S.Ct. 557, 488 U.S. 993, 102 L.Ed.2d 583, reh. den., 109 S.Ct. 887, 488 U.S. 1051, 102 L.Ed.2d 1009. Thus, to the extent Plaintiffs seek to reinstate the Bid Agreement and Sales Contract, Plaintiffs' complaint fails to state claims for which relief may be granted, as a matter of law, and those contract claims should be summarily dismissed.

In any case, in order to establish a cause of action based on an implied-in-fact contract, Plaintiffs must establish the elements of an express contract, including consideration, mutuality of intent, and definiteness of terms (i.e., lack of ambiguity in offer and acceptance). *Girling Health Systems, Inc, supra.*, 945 F.2d at 1146 (Fed. Cir. 1991); *Pasco Enterprises, Inc. v. United States*, 13 Cl.Ct. 302 (1987). In addition, Plaintiffs must show authority to bind the Government residing in the offeror whose conduct was relied on. *Id*. Moreover, it is essential that acceptance of the offer be manifested by conduct that indicates assent to the proposed bargain. *Id*. In other words, there must be a meeting of the minds.

_____
Date

_____
Andrew Hanen
United States District Judge


APPROVAL REQUESTED:

MICHAEL T. SHELBY
United States Attorney


STEVEN T. SCHAMMEL
Assistant United States Attorney
1701 W. Business 83, Suite 600
McAllen, Texas 78501
Phone: 956-992-9354
Fax:    956-618-8016
TX Bar No.:   24007990
Fed. Id. No.:   23180


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing Findings of Fact and Conclusions of

Law (Government's Version) was mailed via First-Class Mail to the following:


Mr. Dennis A. Downey
Attorney at Law
1185 FM 802
Ste. 3
Brownsville, TX 78521

on this the _____ day of _____, 2004.

Steven T. Schammel
Assistant United States Attorney