UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern Dist. of Texas
FILED

MAY 17 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| LEONEL LOPEZ AND § | |
| ELIA C. LOPEZ, § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO. B-03-209 |
| § | |
| § | |
| MEL MARITNEZ, Secretary of § | |
| Housing and Urban Development, § | |
| § | |
| Defendant § | |

**UNITED STATES OF AMERICA'S REPLY
TO
PLAINTIFF'S RESPONSE TO PENDING MOTIONS
FOR SUMMARY JUDGMENT AND TO DISMISS**

Defendant Mel Martinez, Secretary of the United States Department of Housing and Urban Development, by and through Michael Shelby, United States Attorney for the Southern District of Texas, and respectfully replies to Plaintiff's response to the United States' Motion to Dismiss and/or Alternatively for Summary Judgment, pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure, and Answer to Plaintiffs' Complaint, and in support would show as follows:

1.   **Response to Plaintiffs' Background Statements**

Plaintiff contends that no disclosures were ever made concerning the nature of the property (specifically the flooding and sewage issues). However, the bid package specifically and repeatedly states that this sale was, "as is" and Plaintiff Elia Lopez even signed the, "Terms and Requirements

of Foreclosure Sale - Acknowledgment by Bidder," indicating she understood this as agree to participate in the auction with this term.[1]

Plaintiffs further complains of alleged contact with Plaintiffs' lending institution, and goes on to argue the substance of this conservation.[2] Defendant Secretary would object to th inclusion of such hearsay testimony. Plaintiffs have failed to tender affidavits or witness for deposition to support their allegation. Additionally, since as Plaintiff argues, the alleged communication was, "ex parte," Plaintiffs would have no personal knowledge as to the conversation. Defendant Secretary therefore objects on the basis of hearsay (Fed. R. Evid. 802), hearsay within hearsay (Fed. R. Evid. 802 and 805), and a lack of personal knowledge (Fed. R. Evid. 602). As such the inclusion of such argument is improper.

Plaintiffs' make reference to the mediation between Plaintiffs and Defendant Secretary.[3] Defendant Secretary would object to the inclusion of all references to the mediation and offers to compromise (Fed. R. Evid. 408). Specifically, Fed. R. Evid. 408 states that evidence of:

> (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations are likewise not admissible.

As such, all information tendered regarding the mediation process, and its related negotiations, should not be considered in Plaintiffs' response.

---

[1] *Defendant's Motion to Dismiss,* Exhibit 2, p. 2.

[2] *Plaintiffs' Response,* p. 3.

[3] *Plaintiff's Response,* p. 4.

2. **Reply to Federal "Sovereign" Immunity Argument**

This is an action against HUD, an agency of the United States of America, consequently, it is a suit against the sovereign and, absent a waiver of sovereign immunity, is not maintainable because of the absence of subject matter jurisdiction. *Land v. Dollar*, 330 U.S. 731 (1947). In arguing for a waiver of sovereign immunity, Plaintiffs summarily assert that the FTCA, Tucker Act, the National Housing Act and the mandamus statute, 28 U.S.C. § 1361 all waive sovereign immunity. In general, in order to sue the United States and its agencies, Plaintiff must establish that the District Court has subject-matter jurisdiction by demonstrating *both* a Federal Question under 28 U.S.C. § 1331 and a waiver of sovereign immunity.

The United States, as sovereign, is immune from suit, except to the extent that Congress otherwise consents. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953 47 L.Ed.2d 114 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed.2d 1058 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed". *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969). The "limitations and conditions upon which the Government consents to be sued must be *strictly* observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957) (emphasis added). As a result, the claims by Plaintiffs are barred unless they fall within some applicable congressional waiver of the sovereign immunity defense.

a. **Reply to Administrative Procedures Act Argument**

The Plaintiffs' argue that they should be able to proceed under the Administrative Procedures Act since they are seeking equitable relief. However, courts are barred from ordering an equitable

remedy (specific performance specific performance. Specifically:

> "[f]rom the beginning of its history, the United States asserted and maintained complete immunity from suit until Congress, by the Act of February 24, 1855, 10 Stat. 612, created the United States Court of Claims and gave consent for the United States to be sued for compensation for certain breaches of duty, one of which was breach of contract. The Act of March 3, 1887, 24 Stat. 505, 28 U.S.C. § 1346, conferred a partly parallel jurisdiction upon the United States District Courts. Those statutes have never been regarded as having given consent that the United States could be ordered by a court to specifically perform a contract." *White v. Administrator of General Services Administration of the United States*, 343 F.2d 444, 446 (9th Cir. 1965).

It has been further held that, "[f]ederal Courts do not have the power to order specific performance by the United States of its alleged contractual obligations...We are unaware of any waiver of sovereign immunity by the United States as to specific performance for breach of contract." *Coggeshall Development Corp. V. Diamond*, 884 F.2d 1,3 (1st Cir. 1989). The Court lacking the power to exercise equitable relief, is without jurisdiction to hear this matter.

  **b.**  **Reply to Claims Under 28 U.S.C. § 1361 Argument**

Plaintiffs appear to be attempting to amend their pleadings in contravention of Fed. R. Civ. P.15(a). Plaintiffs state that they are "appending" their pleadings (*Plaintiffs' Reply* page 9), however pursuant to Fed. R. Civ. P 15(a) they are required to first ask for and receive leave of the Court before they can amend.

As Plaintiffs stated mandamus is appropriate only for ministerial functions. The extension of the closing date is wholly discretionary and *must be in writing* as stated in the bid package (emphasis added).[4] This fact is further reiterated by Plaintiffs at page 16 of their reply (line 6). The plain reading of the paragraph shows that even if the high bidder asks for the extension, in writing,

---

[4] *Exhibit 2, paragraph 8* of Defendant Secretary's Motion for Summary Judgment.

the granting of the extension is discretionary.[5] As this act is discretionary, not ministerial, any claim under 28 U.S.C. §1361 is without merit.

    c.    **Reply to Federal Tort Claims Act Argument**

The FTCA applies not only suits against the United States, but also its agencies as cited in Defendant Secretary's original motion. Plaintiffs also urge that since they filed suit and are already in federal court they should not have to go back to the administrative process and file their claim. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. U.S.*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1983 (1993).[6] The ruling in *McNeil* is also important in that the United States Supreme Court extended this same requirement to inexperienced pro se plaintiffs. Plaintiffs' have in essence decided to beg for forgiveness, rather than seek permission. Plaintiff's state that the purpose of the administrative process is reduce the number of court cases, so by filing their case they have destroyed their stated purpose of the law. There is no exception to the jurisdictional requirement of first pursuing the administrative claim as was cited in Defendant Secretary's original motion.

Furthermore, in *Adams v. United States*, as cited in Plaintiffs' response, the plaintiff did indeed file an administrative claim. The "hyper-technical interpretation of administrative procedures" that the Plaintiffs mention on page 14 of their reply, dealt with the sufficiency of the administrative claim that Adams made, not that he failed to make a claim. Likewise, in *Broudy v. United States*, Broudy filed the administrative complaint but there was a issue as to the amount of

---

[5] *Exhibit 2, paragraph 8* of Defendant Secretary's Motion for Summary Judgment.

[6] Wherein the court held, "[b]ecause petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit."

one of his monetary claims. Plaintiffs' did not fail to comply with "hyper-technical interpretation of administrative procedures," Plaintiffs simply failed to follow the administrative procedure at all. Allowing Plaintiffs to circumvent the administrative process destroys the intent of the law and has the effect of opening the floodgate of litigation.

Plaintiff's allegations of Misrepresentation, Fraud, Bad Faith And Violation(s) of the Texas Deceptive Trade Practices Act Under §27.01 of the Texas Business and Commerce Code are Barred by 28 U.S.C. § 2680(h).

To the extent Plaintiff alleges the torts of fraud, misrepresentation and bad faith, those claims are specifically barred by the FTCA. 28 U.S.C. § 2680(h); *Preston v. United States*, 596 F.2d 232 (7th Cir. 1979); *see also, Schneider v. United States*, 936 F.2d 956 (7th Cir. 1991), cert. den., ___ U.S. ___, 112 S.Ct. 965 (1992); *United States v. Neustadt*, 366 U.S. 696 (1961); *United States v. Berk & Berk*, 767 F.Supp. 593, 603 (D.N.J. 1991); *United States v. Texarkana*, 846 F.2d 297, cert. den., 109 S.Ct. 369, 488 U.S. 943, 102 L.Ed.2d 358 (5th Cir. 1988). Indeed, the cause of action under the Texas Deceptive Trade Practices Act is clearly inapplicable to the United States under the FTCA. *A.L.T. Corp. v. Small Bus. Admin.*, 801 F.2d 1451 (5th Cir. 1986); *Taylor v. Admin'r of the SBA*, 722 F.2d 105 (5th Cir. 1983). Since these claims fall within one of the express of implied limitations or exceptions to coverage by the FTCA, immunity has not been waived and the Court is without jurisdiction as to these claims. *See, Atkinson v. United States*, 825 F.2d 202, 204, n.2 (9th Cir. 1987), cert. den., 485 U.S. 987 (1988).

  d. **Reply to The Tucker Act Argument**

Plaintiffs claims that it would be burdensome for the witness to travel to the Federal Court of Claims. However, "burdensome," is not one of the factors for jurisdictional analysis. Plaintiffs

cite *Cuyahoga Metropolitan Housing Authority v. United States*, 57 Fed. Cl. 571, (2003) regarding a suit to compel HUD's performance. The citation of this case is perhaps of greater legal significance than the reason for Plaintiffs' reference to the case. The citation is to the United States Court of Federal Claims. The proper jurisdiction there, as is the case here, is with the Federal Court of Claims.

e. **Reply to Due Process Argument**

In order to state a claim for a violation of due process under the 5th Amendment, Plaintiffs must allege that the Defendant Secretary deprived the Plaintiffs of a right secured by the constitution or laws of the united States without due process of law. In short, Plaintiffs must show that the interests of whose deprivation they complain are substantial enough to invoke the protection of federal law and the courts. *A.Aiudi & Sons v. Town of Plainville*, 862 F.Supp. 737 (D.Conn. 1994). However, a mere breach of contractual right is not a deprivation of property without due process. Otherwise, virtually every breach of contract by a government agency would be a constitutional case. *A.Aiudi & Sons, supra.*, at 741, citing *Jimenez v. Almodovar*, 650 F.2d 363, 370 (1st Cir. 1981). Plaintiffs' claim is entirely dependant on the whether Defendant Secretary breached its obligations under the written contract. In short, Plaintiffs do not have a constitutionally protected right to the subject property. Rather, they have the right to performance of the underlying contract or damages for non-performance. *Id.* at 742. Plaintiffs have clearly failed to state a claim for denial of due process and their Complaint should be dismissed.

3. **Reply to Written Requests Argument**

Plaintiffs stipulate, contrary to their earlier assertions, that HUD officials are given discretion

over auction sales. Plaintiff argues that any request for extension does not need to be in writing[7]. Defendant Secretary's Attachment A is the unsigned version of Exhibit 2, signed by Plaintiff Elia Lopez. Paragraph 8 states in pertinent part, "EXTENSION FEES - Extensions of time to close the sale are within HUD's sole and absolute discretion. Any extensions, if granted, will be on the following conditions: (a) A *written* request for extension must be received at the HUD office..." (emphasis added).

### 4. Reply to "As Is" Disclaimers Argument

Plaintiff further complains that in an "as is" sale with "at least thirteen" pages of representations as to problems with the property, HUD has lost its "as is" representation and is now somehow warranting the property. Attachment E of the bid package states:

> The repairs listed herein represent HUD's estimate of the property repair needs. These repair needs may not represent all repairs need to satisfy HUD's requirements and/or requirements other than HUD's. HUD does NOT warrant that the list is either comprehensive or sufficient. The purchaser accepts responsibility for: (1) developing independent repair cost estimate, (2) determining what, if any, repairs are needed in excess of those listed herein...

(emphasis in original). Plaintiffs' were warned, and as Plaintiffs noted on page one of their response, Plaintiff Elia Lopez is an attorney and a CPA. Plaintiff Elia Lopez, by her signature, acknowledged that she understood what was contained in the four corners of the document.

### 5. Conclusion

For the foregoing reasons, the United States respectfully prays that the Court grant the United States's Motion for Summary Judgment.

---

[7] *Plaintiffs' Response*, p. 19 line 6.

Respectfully submitted,
MICHAEL T. SHELBY
UNITED STATES ATTORNEY

STEVEN SCHAMMEL
Assistant United States Attorneys
1701 W. Hwy. 83, Ste. 600
McAllen, TX 78501
Telephone: (956) 618-8010
(956) 618-8016 (fax)
State Bar No. 24007990

OF COUNSEL:

William V. Cerbone, Jr.
Associate Regional Counsel
U.S. Department of Housing
& Urban Development
801 Cherry Street,
28th Floor
Ft. Worth, TX 76113-2905
(817) 978-5993

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing Defendant's Motion to Dismiss and/or Alternatively Motion for Summary Judgment was sent by First-Class Mail to the following:

Mr. Dennis A. Downey
Attorney at Law
1185 FM 802
Ste. 3
Brownsville, TX 78521

on this the 17th day of May, 2004.

Steven T. Schammel
Assistant United States Attorney