UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LEONEL LOPEZ AND ELIA C. LOPEZ, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § § | CIVIL ACTION NO. B-03-209 |
| | § § | |
| MEL MARITNEZ, Secretary of Housing and Urban Development, | § § § | |
| Defendant | § | |

JUN 0 7 2004
Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA'S
SUPPLEMENTAL MOTION TO DISMISS
AND/OR
ALTERNATIVELY FOR SUMMARY JUDGMENT

Defendant Mel Martinez, Secretary of the United States Department of Housing and Urban Development, by and through Michael Shelby, United States Attorney for the Southern District of Texas, and respectfully files this United States of America's Supplemental Motion to Dismiss and/or Alternatively for Summary Judgment, pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure, and Answer to Plaintiffs' Complaint, and in support would supplement its showing as follows:

1. **Reply to Federal Tort Claims Act Argument**

On or about May 21, 2004 Plaintiffs mailed their Federal Torts Claim Act (FTCA) administrative claim to the United States Postal Service (*Exhibit 1, 2 & 3*). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative

remedies." *McNeil v. U.S.*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1983 (1993).[1] The filing of an administrative claim and its formal denial is a jurisdictional prerequisite to initiating a FTCA suit in United States District Court. *See 28 U.S.C. § 2675(a)*, *McNeil v. United States*, 508 U.S. at 107, 113 S.Ct. at 1981. The proper remedy for failing to exhaust administrative remedies is the dismissal of the suit. *McNeil*, 508 U.S. at 113, 113 S.Ct. at 1984. Since Plaintiff's have just now filed their administrative claim, the only proper remedy for the Court is to dismiss Plaintiffs' FTCA claims. (Exhibits 1, 2 & 3)

**2.    Conclusion**

For the foregoing reasons, the United States respectfully prays that the Court grant the United States's Motion for Summary Judgment.

> Respectfully submitted,
> MICHAEL T. SHELBY
> UNITED STATES ATTORNEY
>
> STEVEN SCHAMMEL
> Assistant United States Attorneys
> 1701 W. Hwy. 83, Ste. 600
> McAllen, TX 78501
> Telephone: (956) 618-8010
> (956) 618-8016 (fax)
> State Bar No. 24007990

---

[1] Wherein the court held, "[b]ecause petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit."

OF COUNSEL:

    William V. Cerbone, Jr.
    Associate Regional Counsel
    U.S. Department of Housing & Urban Development
    801 Cherry Street,
    28th Floor
    Ft. Worth, TX 76113-2905
    (817) 978-5993

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the true and foregoing Defendant's Motion to Dismiss and/or Alternatively Motion for Summary Judgment was sent by First-Class Mail to the following:

Mr. Dennis A. Downey
Attorney at Law
1185 FM 802
Ste. 3
Brownsville, TX 78521

on this the 3rd day of June, 2004.

                              Steven T. Schammel
                              Assistant United States Attorney

## DENIS A. DOWNEY LL.M.
*Attorney at Law*
1185 FM 802, Suite 3
Brownsville, Texas 78526-1538

Office (956) 544-0561
Fax (956) 544-0562

2004 MAY 26  P 1: 02

May 21, 2004

Ruth Pompa
HUD
801 Cherry Street,
Burnett Plaza,
Fort Worth, TX 76102

VIA CERTIFIED MAIL

Dear Sir:

    Please be advised that I represent Leonel and Elia Lopez who allege that you violated their constitutional right to petition government and also their constitutional due process rights. Specifically, my clients allege that in retaliation for my clients' contacting their Congressional Representative Solomon Ortiz that you, and other HUD officials unknown, lied about the existence of an extension to close the Lazby Park sale which had been granted to my clients and then wrongfully disqualified Plaintiffs as buyers on the basis of "untimely" closing of the sale.
    To the extent that any HUD official did not have any apparent, actual, or ostensible authority to grant an oral extension, then my clients allege that the failure to make my clients aware of any such limitation at the time the extension was granted, amounted to common law fraud, a violation of Section 27.01 of the Texas Business and Commerce Code, or a negligent act. To the extent that your wrongful acts may have been within such category of wrongful act for which the United States may be ultimately be accountable, a claim is being filed contemporaneously with your employer under relevant provisions of the Federal Tort Claims Act. The amount of my clients' damage claim is $5,998,500.00.

Yours truly,

Denis A. Downey

DAD/ju



# DENIS A. DOWNEY LL.M.

*Attorney at Law*
1185 FM 802, Suite 3
Brownsville, Texas 78526-1538

Office (956) 544-0561
Fax (956) 544-0562



May 21, 2004

Alvin Braggs
HUD
801 Cherry Street,
Burnett Plaza,
Fort Worth, TX 76102

VIA CERTIFIED MAIL

Dear Sir:

    Please be advised that I represent Leonel and Elia Lopez who allege that you violated their constitutional right to petition government and also their constitutional due process rights. Specifically, my clients allege that in retaliation for my clients' contacting their Congressional Representative Solomon Ortiz that you, and other HUD officials unknown, lied about the existence of an extension to close the Lazby Park sale which had been granted to my clients and then wrongfully disqualified Plaintiffs as buyers on the basis of "untimely" closing of the sale.
    To the extent that any HUD official did not have any apparent, actual, or ostensible authority to grant an oral extension, then my clients allege that the failure to make my clients aware of any such limitation at the time the extension was granted, amounted to common law fraud, a violation of Section 27.01 of the Texas Business and Commerce Code, or a negligent act. To the extent that your wrongful acts may have been within such category of wrongful act for which the United States may be ultimately be accountable, a claim is being filed contemporaneously with your employer under relevant provisions of the Federal Tort Claims Act. The amount of my clients' damage claim is $5,998,500.00.

Yours truly,

Denis A. Downey

DAD/ju



## DENIS A. DOWNEY LL.M.
*Attorney at Law*
1185 FM 802, Suite 3
Brownsville, Texas 78526-1538

Office (956) 544-0561
Fax (956) 544-0562

May 21, 2004

Jack Stark
HUD
801 Cherry Street,
Burnett Plaza,
Fort Worth, TX 76102

VIA CERTIFIED MAIL

Dear Sir:

    Please be advised that I represent Leonel and Elia Lopez who allege that you violated their constitutional right to petition government and also their constitutional due process rights. Specifically, my clients allege that in retaliation for my clients' contacting their Congressional Representative Solomon Ortiz that you, and other HUD officials unknown, lied about the existence of an extension to close the Lazby Park sale which had been granted to my clients and then wrongfully disqualified Plaintiffs as buyers on the basis of "untimely" closing of the sale.
    To the extent that any HUD official did not have any apparent, actual, or ostensible authority to grant an oral extension, then my clients allege that the failure to make my clients aware of any such limitation at the time the extension was granted, amounted to common law fraud, a violation of Section 27.01 of the Texas Business and Commerce Code, or a negligent act. To the extent that your wrongful acts may have been within such category of wrongful act for which the United States may be ultimately be accountable, a claim is being filed contemporaneously with your employer under relevant provisions of the Federal Tort Claims Act. The amount of my clients' damage claim is $5,998,500.00.

Yours truly,

Denis A. Downey

DAD/ju

